IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| RONALD-KENNETH STRASSER, | Case No. 3:19-cv-1051-SI |
| Plaintiff, | **ORDER** |
| v. | |
| STATE OF OREGON, *et al*., | |
| Defendants. | |

**Michael H. Simon, District Judge.**

The Court considers Plaintiffs' Second Amended Complaint (ECF 18) *sua sponte*. For the reasons that follow, this case is DISMISSED WITH PREJUDICE.

BACKGROUND

Plaintiff brings this action *pro se*, seeking relief against numerous Defendants. Plaintiff originally filed his Complaint on July 3, 2019. ECF 2. The Court granted Plaintiff's motion for leave to proceed *in forma pauperis* on August 30, 2019. ECF 4. Pursuant to the Court's Order dated August 30, 2019, and mailed to Plaintiff, Plaintiff had 30 days to prepare a summons, complete the U.S. Marshals Service Form for service of process, and submit those documents to the Clerk of the Court for issuance of the summons and service of process. ECF 4. After Plaintiff failed to serve any Defendants, the Court ordered Plaintiff to comply with the August 30 order and explained that the

PAGE 1 – ORDER

case would be dismissed for lack of prosecution if Plaintiff failed to do so. ECF 11. Plaintiff has yet

to comply with the Court's Order from August 30, 2019. On February 5, 2020, Plaintiff filed a

"Second Amended Complaint." Plaintiff did not file a motion for leave to file the amended

complaint, as required by Rule 15 of the Federal Rules of Civil Procedure.

A complaint filed *in forma pauperis* may be dismissed at any time, including before

service of process, if the Court determines that the action is: (1) "frivolous or malicious";

(2) "fails to state a claim on which relief may be granted"; or (3) "seeks monetary relief against a

defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous

"where it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325

(1989); *see also Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996). The term "frivolous," when

used to describe a complaint, "embraces not only the inarguable legal conclusion, but also the

fanciful factual allegation." *Neitzke*, 490 U.S. at 325.

A complaint fails to state a claim when there is no cognizable legal theory or the factual

allegations are insufficient to support a claim for relief. *Shroyer v. New Cingular Wireless Servs.,

Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual

allegations, the court must accept as true all well-pleaded material facts alleged in the complaint

and draw all reasonable inferences in favor of the plaintiff. *Wilson v. Hewlett-Packard Co.*, 668

F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th

Cir. 2010). But to be entitled to a presumption of truth, the complaint must do more than simply

allege legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79

(2009). The plaintiff "may not simply recite the elements of a cause of action but must [provide]

sufficient allegations of underlying facts to give fair notice and to enable the opposing party to

defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The underlying

factual allegations must "*plausibly* suggest an entitlement to relief." *Id.* (emphasis added). "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

*Pro se* plaintiffs receive special consideration. A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). But even a *pro se* plaintiff must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Plaintiff's Second Amended Complaint, as did his original Complaint, fails to state a claim upon which relief can be granted, even when liberally construed in Plaintiff's favor. The Second Amended Complaint is difficult to understand and rests on conclusory statements and bare allegations that do not plausibly state a legal claim. Plaintiff asserts claims against the State of Oregon, Governor Kate Brown, Clackamas County Sheriff Craig Roberts and several Clackamas County Sheriff's deputies, three Clackamas County Circuit Court judges, Clackamas County District Attorney John S. Foote, and numerous other individuals and entities. Plaintiff appears to allege excessive force, abuse of power, assault and battery, violations of his Eighth Amendment right to be free from cruel and unusual punishment, unlawful arrest, conspiracy, fraud, "misprision of treason," and "concealment, removal, or mutilation."

PAGE 3 – ORDER

The Second Amended Complaint is written mostly as a series of questions, written in the second person. Rule 8 of the Federal Rules of Civil Procedure, however, requires that to state a claim for relief a pleading must contain "a short and plain *statement* of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). Rhetorical questions, or even interrogatories to a party, do not satisfy Rule 8.

Plaintiff's questions suggest that many state and county officials engaged in a web of conspiracies to assault, kidnap, and defraud Plaintiff. Because Plaintiff's complaint is framed as a series of questions, he fails to make any factual allegations, but even if the Court were to read Plaintiff's questions as assertions, they would still be insufficient. Plaintiff's Second Amended Complaint discusses a "de facto government." ECF 18 at 12-13. Plaintiff also alleges that "[t]he Federal and State Constitutions have been suspended" and that "[n]either the STATE OF OREGON nor the UNITED STATES exist as de jure governments." *Id*. at 13. The Second Amended Complaint also discusses the "war powers condition," suggests that World War II "never ended in the states," and asserts Plaintiff's intent to subpoena the Attorney General of Oregon to "testify to the constitutionality of the act." *Id*.

## CONCLUSION

Plaintiff's Second Amended Complaint fails to state a legally cognizable claim. In addition, Plaintiff has failed to comply with the Court's procedural orders. This case is DISMISSED WITH PREJDUICE. Any pending motions are DENIED AS MOOT.

**IT IS SO ORDERED.**

DATED this 16th day of March, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge