FILED19 JUL '21 11:17USDC-ORP

strasser ARR WP                                    Not an Attorney
Non-Resident Alien                                 Not Pro Se
c/o 151 South Scott Street                          Not Representing Myself
non-domestic                                        Demand Fee Waiver
Carlton
Oregon Republic
Multnomah, County
Zip Exempt [pursuant to DMM 602 1.3e (2)]


### In the United States District Court for the District of Oregon, Portland Division

strasser, sui-juris,                               ) Case No. 3:19-cv-01051-SI
                                                   )
            Claimant,                              )
                                                   )
      v.                                           ) **BLUE-RIBBON**
                                                   ) **JURY**
**CLACKAMAS COUNTY** ;                              ) **DEMANDED**
STATE OF OREGON by and through Governor Kate Brown ;  )
Kate Brown in her official and individual capacities ;  )
Shelley Hoffman (STATE RISK MANAGER) ;              )
Eric Machado (CLACKAMAS COUNTY RISK AND SAFETY MANAGER) in his official and
individual capacities;                                                        )
CLACKAMAS COUNTY SHERIFF Craig Roberts in his official and individual capacities ;   )
CLACKAMAS COUNTY UNDER SHERIFF Dave M. Ellington in his official and individual
capacities;                                                                   )
CLACKAMAS COUNTY SHERIFF DEPUTY Daniel Joseph O'Keefe in his official and
individual capacities;                                                        )
CLACKAMAS COUNTY SHERIFF DEPUTY Greg Klepper in his official and individual
capacities ;                                                                  )
CLACKAMAS COUNTY SHERIFF DEPUTY Morgan Guthner in his official and individual
capacities ;                                                                  )
CAPTAIN David O'Shaughnessy in his official and individual capacities ;        )
SERGEANT Corey R. Smith in his official and individual capacities ;           )
Katy Coba, Department of Administrative Services ;                            )
CLACKAMAS COUNTY CIRCUIT COURT OFFICER, JUDGE Robert D. Herndon ;   )
CLACKAMAS COUNTY CIRCUIT COURT OFFICER, JUDGE Jeffery S Jones ;     )
CLACKAMAS COUNTY CIRCUIT COURT OFFICER, JUDGE Thomas J. Rastetter ;   )
Debbie Spradley, TRIAL COURT ADMINISTRATOR ;                                 )
CLACKAMAS COUNTY DISTRICT ATTORNEY John S. Foote ;                           )
Assistant D.A. Christopher K. Haywood ;                                      )
County Administrator Donald Krupp ;                                          )
Chief Executive Officer Deputy Laurel Butman ;                               )
Commissioner Ken Humberston ;                                                )

Oregon State Sheriffs Association ;                                              )
Pat Garrett, 2017 OSSA President & Washington County Sheriff ; )
Department of Public Safety Systems and Training ;              )
DPI Security (formerly DePaul Security Service) ;               )
all Clerks of Clackamas County Court and their associates ;    )
all other deputy's, directly and indirectly involved ;         )
and John and Jane Does 1 to 100, et al.,                       )
in equal fault (Black's Law 5th, p. 711) ;          )
also see 42 CJS "indemnity" subsection 27                      )
                                                               )
       Defendants,          )
                                                               )
Joel Manley ;                                                  )
Samantha Olson ;                                               )
Clackamas County Sheriff's Office Professional Standard Unit ; )
Lieutenant Ken Boell ;                                         )
Captain Shane Strangfield ;                                    )
Detective Dan Smith ;                                          )
                                                               )
       Respondents.         )


## Fourth Amended Complaint in the Nature of an Ex Parte Matter

- Excessive Force, Abuse of Power/Authority 2017 ORS 161.205, Use of Physical Force:

Assault and Battery & Beaten by Sheriff Deputies on the Courtroom Floor, with Witnesses & on

Camera, in pursuant there-to ;

- 42 US CODE 1983: Violation of Civil Rights, and Pendent State Claims ;

- 10 US CODE 855 ART 55/ Breaching Constitutional Duty see Eighth Amendment: Cruel

& Unusual Punishment, in pursuant here-to ;

- 25 CFR 11.404 False/Unlawful Arrest & Unlawful Incarceration, and 15 other Claimed

Injuries in the 8 Page Notice of Tort Claim, Item# 022622019/TC/RKS, in pursuant here-to ;

- 18 U.S.C. 241, 242 Conspiracy Against Rights, in pursuant here-to ;

- 18 U.S.C. 1341 Frauds and Swindles, in pursuant here-to ;

- 18 U.S.C. 2382 Misprision of treason, in pursuant here-to ;

- 18 U.S.C. 2071 Concealment, removal, or mutilation, in pursuant here-to ;

- 40 U.S.C. 255 Approval of title prior to Federal land purchases; payment of title expenses; application to Tennessee Valley Authority; Federal jurisdiction over acquisitions, in pursuant here-to ;

- ADJUDICATION BY COURT-NO CONTROVERSY - CLAIM NOT SUBJECT TO ARBITRATION AS DEFENDANTS AGREED TO THE CLAIM & MONETARY DAMAGES BASED UPON DEFAULT, DISHONOR AND SILENT TACIT AGREEMENT ;

- Claim: Adjusted to $93,000,000.00 or Ordered Settlement at $9,300,000.00 ;

- Fees: $2,500.00 ;

1. strasser raises the issue of whether Michael Simon is properly in office, does anyone disagree?

2. strasser raises the issue of whether all Defendants are properly in office, does anyone disagree?

3. If anyone disagrees with anything in this document, what is your basis and authority for disagreeing?

4. This Draft Fourth Amended Complaint incorporates by reference the (Draft) Third Amended Complaint, to the extent that the (Draft) Third Amended Complaint complies with the law, and to the extent that the (Draft) Third Amended Complaint states a claim upon which relief may be granted, does anyone disagree?

5. strasser again demands adequate time to file another Amended Complaint, let's say 28 days after Michael Simon answers the questions which were asked in the Demand for Clarification and More Time and again in the Second Demand for Clarification and More Time, does anyone disagree?

6. strasser has demanded more time, however, out of an abundance of caution, files this Draft Fourth Amended Complaint in case more time is denied, does anyone disagree?

7. There is nothing wrong with an allegation joined with a question whether anyone disagrees, and it doesn't stop being an allegation, does anyone disagree?

8. All titles given here are merely repetition of what the Defendants call themselves, and are not intended as agreement or admission that the Defendants really do hold those offices, and the defendants may or may not hold the offices that they claim to hold, to be determined in discovery, does anyone disagree?

9. strasser raised the question of whether each of the Defendants was properly in office, before otherwise engaging with them, does anyone disagree?

10. The exact nature of the employment of the defendants is unknown and will be determined in discovery, does anyone disagree?

**11.** All Defendants purport to have official capacities, but are not properly in office, for lack of a properly signed and filed Oath of Office and for lack of a complete unbroken chain of documents connecting them to an Organic Law, does anyone disagree?

**12.** To the extent that they do have official capacities, all Defendants are sued in their official **and** individual capacities, does anyone disagree?

**13.** To the extent that they do not have official capacities, all Defendants are sued in their individual capacities, does anyone disagree?

**14.** Defendant "CLACKAMAS COUNTY" and Defendant "STATE OF OREGON by and through Governor Kate Brown" are "Corporate Defendants", does anyone disagree?

**15.** Defendant "Kate Brown in her official and individual capacities" and Defendant "Shelley Hoffman (STATE RISK MANAGER)" and Defendant "Eric Machado (CLACKAMAS

COUNTY RISK AND SAFETY MANAGER) in his official and individual capacities" and Defendant "CLACKAMAS COUNTY SHERIFF Craig Roberts in his official and individual capacities" and Defendant "CLACKAMAS COUNTY UNDER SHERIFF Dave M. Ellington in his official and individual capacities" are "Supervising Defendants", does anyone disagree?

**16.** Brian Carkner is one of the "Doe" defendants, does anyone disagree?

**17.** Defendant "CLACKAMAS COUNTY SHERIFF DEPUTY Daniel Joseph O'Keefe in his official and individual capacities" and Defendant "CLACKAMAS COUNTY SHERIFF DEPUTY Greg Klepper in his official and individual capacities" and Defendant "CLACKAMAS COUNTY SHERIFF DEPUTY Morgan Guthner in his official and individual capacities" and Defendant "CAPTAIN David O'Shaughnessy in his official and individual capacities" and Defendant "SERGEANT Corey R. Smith in his official and individual capacities and Defendant "Brian Carkner" and Defendants "all other deputy's, directly ... involved" are "Hands-On Defendants", does anyone disagree?

18. Defendant "Katy Coba, Department of Administrative Services" and Defendant "CLACKAMAS COUNTY CIRCUIT COURT OFFICER, JUDGE Robert D. Herndon" and Defendant "CLACKAMAS COUNTY CIRCUIT COURT OFFICER, JUDGE Jeffery S Jones" and Defendant "CLACKAMAS COUNTY CIRCUIT COURT OFFICER, JUDGE Thomas J. Rastetter" and Defendant "Debbie Spradley, TRIAL COURT ADMINISTRATOR" and Defendant "CLACKAMAS COUNTY DISTRICT ATTORNEY John S. Foote" and Defendant "Defendant Assistant D.A. Christopher K. Haywood" and Defendant "County Administrator Donald Krupp" and Defendant "Chief Executive Officer Deputy Laurel Butman" and Defendant "Commissioner Ken Humberston" and Defendant "Oregon State Sheriffs Association" and Defendant "Pat Garrett, 2017 OSSA President & Washington County Sheriff" and Defendant

"Department of Public Safety Systems and Training and DPI Security (formerly DePaul Security Service)" and Defendants "all Clerks of Clackamas County Court and their associates" and Defendants "all other deputy's, ... indirectly involved " are "Supervising Defendants", does anyone disagree?

19. Defendant "CLACKAMAS COUNTY CIRCUIT COURT OFFICER, JUDGE Robert D. Herndon" and Defendant "CLACKAMAS COUNTY CIRCUIT COURT OFFICER, JUDGE Jeffery S Jones" and Defendant "CLACKAMAS COUNTY CIRCUIT COURT OFFICER, JUDGE Thomas J. Rastetter" are the "Judge Defendants", does anyone disagree?

20. All Supervising Defendants showed "deliberate indifference" to a known risk of harm, and that indifference caused the breach of constitutional duty to occur, does anyone disagree?

21. All Supervising Defendants had policies and lack of adequate training which caused the breach of constitutional duty and resulting harm, does anyone disagree?

22. Training of the Hands-On Defendants is so inadequate that it amounts to deliberate indifference to their clearly established constitutional duty toward those they will deal with, does anyone disagree?

23. There is one or more Clackamas County policy that caused the breach of constitutional duty, does anyone disagree?

24. The statutes followed by all Defendants are lacking in constitutional validity, does anyone disagree?

25. The actions by all Defendants under color of state law were unlawful, does anyone disagree?

26. The actions by all Defendants the actions created an appearance that the Sheriff, the Sheriff's Office, Clackamas County, the Judge Defendants and the State of Oregon sanctioned the beating, does anyone disagree?

27. The Hands-On Defendants invoked the authority of specific state officials, the Judge Defendants, and also the Supervising Defendants to put the weight of the state behind their decision to beat strasser, does anyone disagree?

28. The legal remedies which were abused have already been held unconstitutional by the appellate courts, does anyone disagree?

29. The beating was a joint action between county employees and state employees, does anyone disagree?

30. All Defendants invoked constitutionally infirm state procedures, does anyone disagree?

31. The beating and deprivation were caused by the exercise of some right or privilege created by the State of Oregon and by rules of conduct imposed by the State of Oregon and by persons for whom the State of Oregon is responsible, does anyone disagree?

32. All Defendants acted under color of state law, does anyone disagree?

33. All Hands-On Defendants breached constitutional duty by conducing the beating, do you admit or deny?

34. All Supervising Defendants breached constitutional duty by ordering the beating and by failing to prevent the beating and by failing to discipline their subordinate Supervising Defendants and the Hands-On Defendants and by performing an arrest without probable cause and by confiscating strasser's property (which has not been returned) and by filing false statements charging the Ens Legis RONALD K STRASSER with crimes for which strasser suffered harassment and by falsely clearing O'Keefe of wrongdoing, do you admit or deny?

35. strasser was damaged as a proximate result of all Defendants' unconstitutional actions and breaches of constitutional duty, do you admit or deny?

36. All Defendants were acting pursuant to custom and policy of Clackamas County for the following reasons, do you admit or deny?:

37. A. Clackamas County and all Supervising Defendants had prior notice and complaints that there existed a continuing, widespread, and persistent pattern of unconstitutional conduct by the Hands-On Defendants and other employees and agents of Clackamas County, do you admit or deny?

38. B. Clackamas County and all Supervising Defendants deliberately failed to investigate or act on complaints and notice about unconstitutional conduct and breaching constitutional duty to prevent, properly supervise, and train deputies and other officers to prevent such conduct, which constituted deliberate indifference or tacit authorization of such conduct, do you admit or deny?

39. Clackamas County and State of Oregon received notice of wrongdoing and had opportunity to respond, do you admit or deny?

## Jurisdiction & Venue

40. This action is brought pursuant to the Constitution for the United States and 42 U.S.C. §§ 1983 and the Amendments to the United States Constitution and the Oregon Constitution, do you admit or deny?

41. Jurisdiction is based upon pursuant to 28 U.S.C. §§ 1331, 1343, and 2201, do you admit or deny?

42. The claims alleged herein arose in the Clackamas County Courthouse and nearby places, which are on land claimed by Clackamas County and the State of Oregon, do you admit or deny?

43. Venue for this action lies in the United States District Court for the District of Oregon under pursuant to 28 U.S.C. § 1391(b)(2), do you admit or deny?

44. strasser delivered a timely Oregon Tort Claims Notice (within 180 days) to the following:

> Risk Management
> Enterprise Goods & Services
> Atten; Michael Baker
> PO Box 12009
> Salem OR  97309

on or about October 19, 2018, do you admit or deny?

45. strasser delivered a timely Oregon Tort Claims Notice to the proper officials with Clackamas County, do you admit or deny?

46. More than thirty days have passed since "Risk Management" and the Clackamas County officials received the Tort Claim Notice regarding claims and damages, do you admit or deny?

47. No one has responded to either Tort Claim Notice, do you admit or deny?

### Parties

48. Defendant Clackamas County is a public entity situated in the State of Oregon and organized under the laws of the State of Oregon, do you admit or deny?

49. Defendant CLACKAMAS COUNTY SHERIFF Craig Roberts is legally and ethically responsible for supervising and managing the jails in Clackamas County and, in that capacity, is responsible for protecting the health and safety of both arrestees and staff, do you admit or deny?

50. Defendant CLACKAMAS COUNTY is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies, do you admit or deny?

51. At all times relevant to the facts alleged herein, Defendant CLACKAMAS COUNTY was responsible for assuring that the acts, omissions, policies, procedures, practices and customs

of its employees complied with the laws and the Constitutions for the United States and for the State of Oregon, do you admit or deny?

52. The Clackamas County Sheriff's Office is a subdivision of Defendant CLACKAMAS COUNTY, do you admit or deny?

53. At all relevant times, Defendant Craig Roberts was the elected Sheriff of Clackamas County, and acted under color of state law in the course and scope of his duties as the Sheriff of Clackamas County, do you admit or deny?

54. Sheriff Roberts and his sworn staff, while acting under color of law, have taken an oath to uphold the United States Constitution and the Oregon Constitution, do you admit or deny?

55. At all relevant times, Defendant "CLACKAMAS COUNTY SHERIFF Craig Roberts in his official and individual capacities" was a sheriff and employee of Clackamas County, and acted under color of state law in the course and scope of his duties as sheriff and employee of Clackamas County, do you admit or deny?

56. At all relevant times, Defendant "CLACKAMAS COUNTY UNDER SHERIFF Dave M. Ellington in his official and individual capacities" was an undersheriff and employee of Clackamas County, and acted under color of state law in the course and scope of his duties as undersheriff and employee of Clackamas County, do you admit or deny?

57. At all relevant times, Defendant "CLACKAMAS COUNTY SHERIFF DEPUTY Daniel Joseph O'Keefe in his official and individual capacities" was a deputy sheriff and employee of Clackamas County, and acted under color of state law in the course and scope of his duties as deputy sheriff and employee of Clackamas County, do you admit or deny?

58. At all relevant times, Defendant "CLACKAMAS COUNTY SHERIFF DEPUTY Greg Klepper in his official and individual capacities" was a deputy sheriff and employee of

Clackamas County, and acted under color of state law in the course and scope of his duties as

deputy sheriff and employee of Clackamas County, do you admit or deny?

59. At all relevant times, Defendant "CLACKAMAS COUNTY SHERIFF DEPUTY

Morgan Guthner in his official and individual capacities" was a deputy sheriff and employee of

Clackamas County, and acted under color of state law in the course and scope of his duties as

deputy sheriff and employee of Clackamas County, do you admit or deny?

60. At all relevant times, Defendant "CAPTAIN David O'Shaughnessy in his official and

individual capacities" was a deputy sheriff and employee of Clackamas County, and acted under

color of state law in the course and scope of his duties as deputy sheriff and employee of

Clackamas County, do you admit or deny?

61. At all relevant times, Defendant "SERGEANT Corey R. Smith in his official and

individual capacities" was a deputy sheriff and employee of Clackamas County, and acted under

color of state law in the course and scope of his duties as deputy sheriff and employee of

Clackamas County, do you admit or deny?

62. At all relevant times, all named individual Defendants were officers and employees of

either Clackamas County or State of Oregon, and acted under color of state law in the course and

scope of their duties as officer and employee of Clackamas County or State of Oregon, do you

admit or deny?

63. The true names and capacities, whether individual, corporate, associate or otherwise, of

defendants DOES 1 through 25 inclusive, are unknown to strasser, who therefore sues said

defendants by such fictitious names. Defendants DOES 1 through 25, and each of them, were

responsible in some manner for the injuries and damages alleged herein, do you admit or deny?

64. strasser is informed and believes and thereupon alleges upon information and belief that each of the Defendants is responsible, in some manner, for the injuries and damages alleged herein, do you admit or deny?

65. In doing the acts and/or omissions alleged herein, the individual defendants, including DOES 1 through 25, acted in concert with each of said other defendants herein, do you admit or deny?

66. Each of the Defendants caused and is responsible for the wrongful conduct resulting in the beating of strasser by personally participating in the conduct, or acting jointly and in concert with others who did so; or by authorizing, acquiescing or failing to take action to prevent the wrongful conduct; or by promulgating policies and procedures pursuant to which the wrongful conduct occurred; or by failing and refusing to initiate and maintain adequate supervision, discipline, and/or training, do you admit or deny?

67. At all times relevant, all Defendants were acting under color of state law, do you admit or deny?

**Facts**

**68.** Clackamas County Sergeant Corey R. Smith has the courthouse detail, do you admit or deny?

**69.** Sergeant Smith ordered the beating of strasser, do you admit or deny?

**70.** Captain David O'Shaughnessy is Sergeant Corey R. Smith's captain, do you admit or deny?

**71.** Sergeant Corey R. Smith had to confirm his orders to the crew which beat strasser, do you admit or deny?

72. Joel Manley has stated, and strasser believes, the orders for the beating of strasser came from Craig Roberts through Captain David O'Shaughnessy and Sergeant Corey R. Smith, do you admit or deny?

73. Katy Coba is Shelley Hoffman's boss, do you admit or deny?

74. Nobody can say who, what or where STATE OF OREGON is, or where its office is, or what its phone number is (but do they not have a General Fund?), do you admit or deny?

75. Shelley Hoffman said Ronald doesn't have a claim against STATE OF OREGON, probably because they are a name only, do you admit or deny?

76. strasser sent Katy Coba a copy of the Affidavit and she didn't respond, do you admit or deny?

From strasser's recollection:

### *FIRST KIDNAPPING, WITH NO BEATING*

77. About one year before the 6 July 2017 beating and kidnapping, Robert D. Herndon found the Ens Legis guilty of "driving while revoked" (although there was no evidence that strasser had used any automobile for business, there was no evidence that strasser had "operated a motor vehicle") and forced strasser to be the Surety and the Accommodating Party for the Ens Legis, do you admit or deny?

78. strasser is not Surety and the Accommodating Party for the debt, however Robert D. Herndan would not accept strasser's challenge to the jurisdiction (that case is on appeal right now) and Robert D. Herndon ordered his guards (who are among the John Does) to kidnap strasser and hold strasser in the dungeon for ninety days for ransom, which they did, do you admit or deny?

79. Robert D. Herndon was the Presiding Judge at the time, do you admit or deny?

## *SECOND KIDNAPPING, WITH NO BEATING*

80. In a different incident which occurred several months before the 6 July 2017 beating, Thomas J. Rastetter held strasser in contempt after he ordered Daniel O'Keefe to grab or take the cell device from strasser's hand by force while strasser was not prepared for it, do you admit or deny?

81. Thomas J. Rastetter ordered strasser's abduction after ordering Daniel O'Keefe to slyly and surreptitiously take strasser's cell device, then ordered strasser's abduction from his tribunal in retaliation for not agreeing to be the Defendant, do you admit or deny?

82. After Thomas J. Rastetter said "what's your name?" and finding it humorous the way strasser responded by asking a question, ordered strasser's abduction and held the Defendant in contempt, thereby forcing strasser as Accommodating Party to seven or eight days in the dungeon, do you admit or deny?

83. So Thomas J. Rastetter ordered strasser to be kidnapped and abducted because strasser wouldn't agree to be the Defendant in his business, the way he wanted strasser to, do you admit or deny?

84. Thomas J. Rastetter never did what a judge ought to do: a judge ought to ask the Prosecutor for his point of view and argument about what the law prescribes when a man in the courtroom asks a question instead of agreeing to be the Defendant, do you admit or deny

## *THIRD KIDNAPPING, WITH BEATING*

85. strasser was beaten by the Hands-On Defendants in Jeffery S Jones' Courtroom One, on 6 July 2017, do you admit or deny?

86. The Hands-On Defendants then kidnapped strasser and transported him against his will to a dungeon, with no hearing, do you admit or deny?

87. The Hands-On Defendants then purchased strasser's fingerprints for an agreed sum of ten thousand Federal Reserve Notes apiece, a total of one hundred thousand Federal Reserve Notes, do you admit or deny?

88. The Hands-On Defendants have not yet paid for the fingerprints, and payment is overdue, do you admit or deny?

89. Jeffery S. Jones gave the order to the deputies to beat strasser in Jeffery S Jones' Courtroom One, do you admit or deny?

90. Jeffery S. Jones said "Resist Arrest Twenty-Five Thousand" immediately before Daniel O'Keefe put his hands on strasser, do you admit or deny?

91.  Daniel O'Keefe put his hands on strasser as a direct result of Jeffery S. Jones saying "Resist Arrest Twenty-Five Thousand," do you admit or deny?

92. Jeffery S. Jones ordered the video sound to be censored (the video of the beating), do you admit or deny?

93. All actors chose that particular courtroom because it has only one camera, and there is an area of the floor which is not covered nor seen by that camera, and that area of the floor is where they beat strasser, do you admit or deny?

94. strasser was kidnapped on 7 July and they did not let strasser out until 30 August, do you admit or deny?

95. Also strasser was kidnapped a few days or weeks before 7 July and kept in the dungeon for a few nights, do you admit or deny?

96. As a result of strasser's not agreeing to be Defendant, Jeffery S Jones charged the Ens Legis RONALD K STRASSER with "resisting arrest" and held strasser's living flesh for 58 [days and] nights, do you admit or deny?

97. After Daniel Joseph O'Keefe and the other Hands-On Defendants entered the courtroom, and before the beating, Jeffery S Jones on the record said the words "assault, twenty-five thousand" and then the audio goes dead, do you admit or deny?

98. As a result of the charge, strasser was harassed, do you admit or deny?

99. All charges against the Ens Legis RONALD K STRASSER were dismissed, do you admit or deny?

100. Respondent (not defendant) Clackamas County Sheriff's Office Professional Standard Unit has relevant records, do you admit or deny?

101. Respondent (not defendant) Lt. Boell keeps records of investigation of Daniel O'Keefe, do you admit or deny?

102. Respondents (not defendants) Capt. Shane Strangefield and Detective Dan Smith investigated, do you admit or deny?

103. Greg Klepper and Morgan Guthner were involved in the beating, do you admit or deny?

104. Sergeant Corey R. Smith, Daniel Joseph O'Keefe and Brian Carkner are wearing the deputy costumes in the video, do you admit or deny?

105. Captain David O'Shaughnessy is wearing the khakis and the polo shirt in the video, do you admit or deny?

106. **Six unknown named Deputies** were involved in the beating, five men and one woman, do you admit or deny?

107. Two of them (the woman and a man) basically stood there, do you admit or deny?

108. One man involved in the beating is a bodybuilder, another is average build, do you admit or deny?

109.     As stated in the Complaint in case 3:18:2060-MO in the USDC Oregon: "15. [Joel Manley] Deputy Daniel O'Keefe (hereinafter, 'O'Keefe') ask Smith to be assigned to the courtroom where Ronald Strasser would next appear so that O'Keefe could 'beat the shit out of him.' Within approximately two weeks, [Joel Manley] was informed of O'Keefe beating Ronald Strasser in Judge Jones' courtroom, reviewed the video and read O'Keefe's report. This caused [Joel Manley] apprehension and fear because he realized Smith and O'Keefe were willing to use violence against others.", do you admit or deny?

110.     As stated in the Complaint in case 3:18:2060-MO in the USDC Oregon: "36. F. [Joel Manley] was present at his workstation and overheard [Deputy Daniel] O'Keefe conspiring with [Sergeant Corey C.] Smith to 'beat the shit' out of disabled patron Ronald Strasser, and [Joel Manley] reviewed the video of O'Keefe asaulting Atrasser and read O'Keefe's report, and was present multiple occasions after the assault when O'Keefe bragged about beating Ronald Strasser to CCSO staff.", do you admit or deny?

111.     As stated in the Complaint in case 3:18:2060-MO in the USDC Oregon: "53. A. (2) [Joel Manley] sent himself an email regarding O'Shaugnessy claims that he had destroyed evidence.", do you admit or deny?

112.     As stated in the Complaint in case 3:18:2060-MO in the USDC Oregon: "65. [Joel Manley] witnessed the conspiracy to battery and thereafter [witnessed] the violent assault on a disabled [man], Ronald Strasser. [Joel Manley]'s report was later allegedly investigated but [Joel Manley] was never interviewed and the assault on Ronald Strasser was cleared.", do you admit or deny?

113.     Respondent (not defendant) Samantha Olson was the assistant DA prosecuting strasser, and when she saw the video, she refused to proceed, do you admit or deny?

### *THE CIVIL CONSPIRACY, RACKETEERING, MISCONDUCT, COERCION*

114.    The three kidnappings are part of a common course of conduct by all Defendants under a common plan, and are part of a continuing program of wrongful harassment in the nature of racketeering, do you admit or deny?

115.    In a civil conspiracy and a crime (Official Misconduct in the First Degree), Robert D. Herndon, Jeffery S Jones, Thomas J. Rastetter and Debbei Spradley agreed with all other Defendants on a plan to make the 6 July 2017 kidnapping and beating happen, do you admit or deny?

116.    All Supervising Defendants took steps toward making the 6 July 2017 kidnapping and beating happen, do you admit or deny?

117.    All Supervising Defendants failed in their duty, clearly inherent in the nature of the office, to stop the 6 July 2017 kidnapping and beating from happening, do you admit or deny?

118.    A reasonable man would agree that the 6 July 2017 kidnapping and beating together with the agreement to make it happen was an outrageous act, beyond all bounds of civilized behavior, beyond all bounds of normal or acceptable behavior, which intentionally inflicted emotional distress on strasser, do you admit or deny?

119.    The kidnappings and beating were done for a profit, and Debbei Spradley handles the bookkeeping, do you admit or deny?

120.    strasser tried to sit down with Debbei Spradley about the CAFR books and other information, which should all be public information, the information is public property, and Debbei Spradley failed in her duty, clearly inherent in the nature of the office, to talk to strasser

about the bookkeeping and the accounts: when is enough enough, how much do you need to make on the account, can't strasser just discharge this, charge this off?

121.     Somebody has made millions off strasser, in this system where debt is profit and profit is debt, do you admit or deny?

122.     The motive for the kidnappings and beating was finances, do you admit or deny?

123.     Court is a place where bonds, securities, or bailments are exchanged, do you admit or deny?

124.     The judgments all say: State of Oregon, Creditor, Ens Legis RONALD K STRASSER, Debtor, do you admit or deny?

125.     In the world of finance, what does that mean? It means buildings, cars, real wealth, for fake fictions; they proceed as if there were a real trial for a real crime with an injured party, when there is not, do you admit or deny?

126.     The July 2107 beating and kidnapping was the thirteenth arraignment proceeding on that one charge (13th on 6 July 2017), do you admit or deny?

127.     All of those arraignments failed to ensnare strasser, the living flesh and blood man, as the fictional Ens Legis Fourteenth Amendment Citizen, they failed to establish jurisdiction, do you admit or deny?

128.     And so the conspirators had to use force and violence to hurt strasser and attempt to coerce strasser (a felony crime) by attempting to compel and induce strasser to refrain from agreeing to be the Defendant, by means of instilling in strasser the fear that, if strasser did not agree to be the Defendant, the deputies would unlawfully beat and kidnap strasser, do you admit or deny?

129.    All Defendants conspired in restraint of trade and commerce, do you admit or deny?

130.    All Defendants injured strasser in strasser's business and property, do you admit or deny?

131.    All Defendants acted with malice, do you admit or deny?

132.    All Defendants have shown a reckless and outrageous indifference to a highly unreasonable risk of harm, do you admit or deny?

133.    All Defendants have acted with a conscious indifference to strasser's health, safety and welfare, do you admit or deny?

134.    The acts alleged herein are consistent with a pattern and practice of gratuitous violence and punishment directed by Sheriff's deputies at targeted, disliked men, do you admit or deny?

135.    This conduct is part of a culture and course of conduct in the Sheriff's Office that is authorized, encouraged and condoned by Sheriff Craig Roberts and other Sheriffs, do you admit or deny?

136.    Accordingly, strasser's injuries were part of a pattern of officially-sanctioned behavior, do you admit or deny?

137.    strasser's history of being captured and kidnapped on land claimed by Clackamas County on several occasions establish that they face a real possibility of being subject to future, repeated breaches of Constitutional duty on the basis of strasser's mere presence on land claimed by Clackamas County, do you admit or deny?

**Damages**

138.    As a result of the acts and omissions alleged, strasser suffered harm and injury

and damages are pain, fear, anxiety, and terror and related trauma and other damages in an

amount according to proof, do you admit or deny?

139.    strasser sustained permanent injuries and other serious physical injuries,, and has

also incurred and may continue to incur medical treatment and related expenses in amounts to be

determined according to proof, do you admit or deny?

140.    The acts and omissions of the individual defendants were sadistic, wanton,

malicious, oppressive and/or done with a conscious or reckless disregard for strasser's rights, do

you admit or deny?

141.    strasser therefore demands an award of punitive and exemplary damages against

these individual defendants in an amount according to proof, do you admit or deny?

142.    strasser has hired or will hire private counsel to assist them in this matter and is

entitled to an award of counsel's fees and costs, do you admit or deny?

143.    strasser demands treble damages, do you understand?

## First Cause Of Action

## [pursuant to 42 U.S.C. §1983 – Fourth And Eighth Amendment – Against Hands-On
## Defendants]

144.    The allegations set forth in this Complaint under "FACTS" and "DAMAGES" are

hereby incorporated by reference, does anyone disagree?

145.    All Hands-On Defendants jointly and severally impeded and impaired strasser's

clearly-established right to life and rights to be free from the use of unreasonable force,

punishment, and punitive conditions of confinement as guaranteed and protected pursuant to the

Declaration of Independence and Federal and Oregon Constitutions, do you admit or deny?

146.    An objectively reasonable officer would have known that: (1) the use of force

upon strasser was excessive and could have led to serious injury or death, and did lead to serious

injury; and, (2) punishment and punitive conditions of confinement imposed upon strasser were

not rationally related to any legitimate government objective, or, were excessive in relation to

that purpose, do you admit or deny?

147.    All Hands-On Defendants acted willfully, wantonly, sadistically, maliciously,

oppressively, and with conscious disregard to strasser's rights with the purpose of causing harm

to strasser, do you admit or deny?

148.    All Hands-On Defendants' misconduct was the moving force that caused

strasser's injuries, do you admit or deny?

149.    WHEREFORE, strasser demands relief as herein set forth, for which all

Defendants are jointly and severally liable, does anyone disagree?

**Second Cause Of Action**

**[pursuant to 42 U.S.C. §1983 – Supervisory Liability – Against Supervising Defendants]**

150.    The allegations set forth in this Complaint under "FACTS" and "DAMAGES" are

hereby incorporated by reference, does anyone disagree?

151.    Craig Roberts' subordinates deprived strasser of strasser's right to be free from

the use of unreasonable force, punishment, and punitive conditions of confinement under the

United States Constitution and Oregon Constitution, do you admit or deny?

152.    strasser alleges on information and belief that Craig Roberts knew or reasonably

should have known that his subordinates were engaging in these acts and that their conduct

would deprive strasser of these rights, and, failed to prevent them from engaging in such

conduct, do you admit or deny?

153.    Alternatively, strasser alleges that Craig Roberts acquiesced in the breach of

Constitutional duty owed to strasser alleged herein or for conduct that showed a reckless or

callous indifference to the rights of others, do you admit or deny?

154.    The Supervisory Defendants acted willfully, wantonly, maliciously, oppressively,

and with conscious disregard to strasser's rights, do you admit or deny?

155.    The Supervisory Defendants' misconduct was the moving force that caused

strasser's injuries,

156.    WHEREFORE, strasser demands relief as herein set forth, for which all

Defendants are jointly and severally liable, does anyone disagree?

### Third Cause Of Action

### [pursuant to 42 U.S.C. §1983 – Failure To Discipline, Policies/Customs, Deliberate

### Indifference – Against Clackamas County]

157.    The allegations set forth in this Complaint under "FACTS" and "DAMAGES" are

hereby incorporated by reference, do you admit or deny?

158.    strasser alleges on information and belief that the County of Clackamas has not

disciplined staff involved in the May 28th incident and other similar incidents based on the

customs, policies, and procedures described in this Complaint, do you admit or deny?

159.    The acts or omissions alleged herein regarding the use of excessive force,

punishment, and punitive conditions of confinement in violation of the Fourth, Eighth, and other

Amendments were, upon information and belief, caused by the Sheriff's Office of the County of

Clackamas's (1) failure to discipline officers or (2) official policies, practices or customs or (3)

deliberate indifference to the rights of inmates at the jail, do you admit or deny?

160.     strasser alleges on information and belief that the County of Clackamas and Craig

Roberts knew or should have known that the alleged acts and omissions would likely result in the

breaches of Constitutional duty alleged herein, do you admit or deny?

161.     Upon information and belief, strasser alleges that these acts and omissions were

the moving force that caused strasser's injuries, do you admit or deny?

162.     WHEREFORE, strasser demands relief as herein set forth, for which all

Defendants are jointly and severally liable, does anyone disagree?

### Fifth Cause Of Action

### [pursuant to 42 U.S.C. §1983 – Ratification – Against Clackamas County and State Of Oregon]

163.     The allegations set forth in this Complaint under "FACTS" and "DAMAGES" are

hereby incorporated by reference, do you admit or deny?

164.     Craig Roberts had final policymaking authority for the County of Clackamas

concerning the acts of all individuals identified herein and all other jail staff, admit or deny?

165.     strasser alleges on information and belief that Craig Roberts ratified his

subordinates' acts because he knew of and specifically approved of them, or, delegated his

authority to review and approve of these use-of-force and related conditions-of-confinement

incidents to others within his chain of command. do you admit or deny?

166.     Upon information and belief, strasser alleges that these acts and omissions were

the moving force that caused strasser's injuries, do you admit or deny?

167.     WHEREFORE, strasser demands relief as herein set forth, for which all

Defendants are jointly and severally liable, does anyone disagree?

### Relief

168.    strasser demands relief as follows, does anyone disagree? :

169.    A. A Trial by Blue-Ribbon Jury, made up from strasser's peers, does anyone disagree?

170.    B. Ninety-three million "dollars" as defined by the Coinage Act of 1792 ;

171.    C. For compensatory and economic damages according to proof ;

172.    D. For general damages according to proof ;

173.    E. For an award of exemplary or punitive damages against the individual defendants ;

174.    F. For an award of exemplary or punitive damages against the corporate defendants CLACKAMAS COUNTY and STATE OF OREGON ;

175.    G. For an award of counsel's fees and costs as permitted by law ;

176.    H. For injunctive relief designed to remedy the wrongful practices alleged herein, not limited to: (a) the appointment of a monitor to review all videotapes and reports regarding use-of-force incidents ; (b) an order prohibiting written reports prepared by those involved in use-of-force incidents from being revised or altered based on videotape evidence ; (c) an order requiring a copy of all grievances, and the administrative review of each, to be reviewed by the monitor ; and, (d) the monitor shall provide quarterly reports to the Court, and to strasser, for a period of three years summarizing his or her evaluation of each use-of-force incident and the outcome of the County's/Sheriff's administrative review of each use-of-force incident. In addition, the Court shall retain jurisdiction for three years and may hold evidentiary hearings, and revise or enter additional orders, as necessary and appropriate ;

177.    I. For such other and further relief as the Court may deem necessary and appropriate ;

178.    For which all Defendants are jointly and severally liable, as judgment debtors, not

as indemnitors or insurers, does anyone disagree?

## DE FACTO GOVERNMENT

179.    'But there is another description of government, called also by publicists a

government de facto, but which might, perhaps, be more aptly denominated a government of

paramount force. Its distinguishing characteristics are:

> (1) that its existence is maintained by active military power within the territories, and against
> the rightful authority of an established and lawful government; and
> (2) that while it exists it must necessarily be [229 U.S.416, 429] obeyed in civil matters by
> private citizens who, by acts of obedience rendered in submission to such force, do not
> become responsible, as wrongdoers, for those acts, though not warranted by the laws of the
> rightful government. Actual governments of this sort are established over districts differing
> greatly in extent and conditions. They are usually administered directly by military authority,
> but they may be administered, also, by civil authority, supported more or less directly by
> military force.
> – Thorington v. Smith, 8 Wall. 1, 9, 19 L. ed. 361, 363.

180.    The Federal and State Constitutions have been suspended, therefore there are no

lawful public offices, and the conspirators acted on their own account, do you admit or deny?

181.    Neither the STATE OF OREGON nor the UNITED STATES exist as de jure

governments; they are governments de facto, do you admit or deny?

182.    The war powers condition is cumulative since the civil war, do you admit or

deny?

183.    WWII never ended in the states, do you admit or deny?

184.    The judiciary act of 1948 was a wartime act, do you admit or deny?

185.    Peace did not come with Germany and Japan until after the Korean war was

started which is still going on, do you admit or deny?

186.    UN was founded and entered into during WWII, do you admit or deny?

187.    The statutes read as if WWII war powers are still in effect, do you admit or deny?

188.    Since we are supposed to have constitutional protections and they ceased to exist, we can only use the fact they ceased to exist to defend ourselves, do you admit or deny?

189.    All statutes have to be certified as constitutional by the Oregon Supreme Court before they can be implemented, do you admit or deny?

190.    strasser intends to subpoena (duces tecum) the certification of the statutes that strasser was accused of violating, by the state supreme court, do you understand?

191.    strasser also intends to subpoena Oregon's Attorney General to testify to the constitutionality of the act, do you understand?

192.    The (Draft) Third Amended Complaint, which is already in the record, and which has already been served on all parties, is hereby incorporated by reference as if fully set forth here, does anyone disagree?

Without the United States, may strasser declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct? Executed on 7/10/2020.

By:___:/s/...V.C. Ronald-kenneth:Strasser, Sui Juris, A.R.R.W.P.___
      :/s/...V.C. Ronald-kenneth:Strasser, Sui Juris, A.R.R.W.P.