ELLEN F. ROSENBLUM
Attorney General
JESSE B. DAVIS  #052290
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  jesse.b.davis@doj.state.or.us

Attorneys for State of Oregon, Governor Kate Brown, Shelley Hoffman, Katy Coba, Robert D. Herndon, Jeffery S. Jones, Thomas J. Rastetter, Debbie Spradley, John S. Foote, Christopher K. Haywood, Department of Public Safety Systems and Training, Samantha G. Olson, and All Clerks of Clackamas County Court and their Associates.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| RONALD-KENNETH STRASSER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF OREGON, by and through Governor Kate Brown; Kate Brown, in her individual capacity, Shelley Hoffman (STATE RISK MANAGER), Eric Machado CLACKAMAS COUNTY RISK AND SAFETY MANAGER, CLACKAMAS COUNTY SHERIFF, Craig Roberts, in his individual capacity, CLACKAMAS COUNTY SHERIFF, Dave Ellington, in his individual capacity, CLACKAMAS COUNTY SHERIFF DEPUTY'S; Daniel Joseph O'Keefe, Greg Keppler, and Morgan Guthner, in their private capacity, CAPTAIN David O'Shaughnessy, in his private capacity, SERGEANT Corey R. Smith in his private capacity, Katy Coba, Department of Administrative Services, CLACKAMAS COUNTY CIRCUIT COURT OFFICER, JUDGE Robert D. Herndon, CLACKAMAS COUNTY CIRCUIT COURT OFFICER, JUDGE Jeffery S. Jones, | Case No.  3:19-cv-01051-SI<br><br>STATE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT |

Page 1 -　STATE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT
　　　　　43119442

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

| | |
|---|---|
| CLACKAMAS COUNTY CIRCUIT COURT OFFICER, JUDGE Thomas J. Rastetter, Debbie Spradley, TRIAL COURT ADMINISTRATOR, CLACKAMAS COUNTY DISTRICT ATTORNEY John S. Foote, Assistant D.A. Christopher K. Haywood, County Administrator Donald Krupp, Chief Executive Officer Deputy Laurel Butman, Commissioner Ken Humberston, Oregon State Sheriffs Association, Pat Garrett, 2017 OSSA President & Washington County Sheriff, Department of Public Safety Systems and Training, DPI Security (formerly DePaul Security Service), all Clerks of Clackamas County Court and their associates, all other deputy's, directly and indirectly involved, and John and Jane Does 1 to 100, et al.<br><br>    Defendants,<br><br>Joel Manley, Samantha Olson, Clackamas County Sheriff's Office Professional Standard Unit, Lieutenant Ken Boell, Captain Shane Strangfield, Detective Dan Smith<br><br>    Respondents. | |

## CERTIFICATE OF CONFERRAL

Undersigned counsel certifies that in accordance with LR 7-1, he attempted to confer with plaintiff by email on July 28, 2021, and by telephone on August 4, 2021, regarding this motion, but was unable to ascertain plaintiff's position regarding the issues presented herein.

## MOTION

The State of Oregon, Governor Kate Brown, Shelley Hoffman, Katy Coba, Judge Robert Herndon, Judge Jeffrey Jones, Judge Thomas Rastetter, Debbie Spradley, John Foote, Christopher Heywood (misspelled as "Haywood" in the caption), Samantha Olson, and the Department of Public Safety Standards and Training (collectively "State Defendants"), appearing specially and without waiver of any defense, including the immunity conferred by the Eleventh Amendment to the United States Constitution, respectfully move this Court for an order dismissing all of plaintiff's claims against the State Defendants. Plaintiff fails to allege specific

Page 2 -   STATE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT
43119442
                 Department of Justice
                 100 SW Market Street
                  Portland, OR 97201
           (971) 673-1880 / Fax: (971) 673-5000

facts from which any State Defendant could be held liable on any claim. Fed. R. Civ. P. 12(b)(6). In addition, the claims against Judge Herndon, Judge Jones, Judge Rastetter, Trial Court Administrator Debbie Spradley, District Attorney John Foote, Deputy District Attorney Christopher Heywood (misspelled as "Haywood" in the caption), and Deputy District Attorney Samantha Olson are all barred by absolute judicial or prosecutorial immunity.

## MEMORANDUM OF LAW

### I.      Background

Plaintiff appears to complain about three separate arrests. First, he alleges, "[a]bout one year before the 6 July 2017 beating and kidnapping," Clackamas County Circuit Court Judge Herndon found him guilty of "driving while revoked" without evidence and ordered him to be arrested. *See* FAC ¶ 77-79 ("FIRST KIDNAPPING, WITH NO BEATING") (capitalization in original). Second, several months before July 2017, Clackamas County Circuit Court Judge Rastetter held him in contempt because plaintiff "wouldn't agree to be the Defendant in his business" and held him for seven or eight days in jail. FAC ¶¶ 80-84 ("SECOND KIDNAPPING, WITH NO BEATING"). Finally, plaintiff was arrested in a courtroom at the Clackamas County Circuit Court on July 6, 2017. See FAC ¶ 85-113 ("THIRD KIDNAPPING, WITH BEATING"). Plaintiff was present in court that day to be arraigned on a criminal charge. *Id.* ¶¶ 126 (alleging that the July 6, 2017, hearing was the "thirteenth arraignment proceeding on that one charge"). Plaintiff alleges that "as a result of [plaintiff]'s not agreeing to be defendant, Clackamas County Circuit Court "Jeffery S Jones charged [plaintiff] with "resisting arrest" and held him in jail for 58 days. FAC ¶ 96. He alleges that Judge Jones ordered courtroom deputies to beat plaintiff by saying "Resist Arrest, Twenty-Five Thousand" on the record. *Id.* ¶¶ 89, 91, 96-97. Plaintiff alleges that he was beaten in the courtroom by various individuals, none of them identified as state employees. *Id.* ¶¶ Plaintiff alleges that all charges against him were dismissed. *Id.* ¶ 99. Plaintiff claims that his arrest and beating were the result of a conspiracy between the three judges, Debbie Spradley (a trial court administrator), and all the other

Page 3 -    STATE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT
43119442
                                          Department of Justice
                                          100 SW Market Street
                                          Portland, OR 97201
                                          (971) 673-1880 / Fax: (971) 673-5000

defendants. *Id.* ¶ 115. Plaintiff claims that the conspiracy arose because the 13 arraignments on plaintiff's criminal charges "failed to ensnare" him, thus forcing the conspirators to use force and intimidation to compel plaintiff to "agree to be the Defendant." *Id.* ¶¶ 126-128.

At an unknown time, plaintiff attempted to meet with Defendant Spradley, who refused to let him see the "bookkeeping and the accounts" of the Court. *Id.* ¶ 120. Plaintiff contends those accounts would reveal a corrupt financial motive for his arrests "in this system where debt is profit and profit is debt." *Id.* ¶¶ 121-122.

Plaintiff filed this action. Now on his Fourth Amended Complaint, plaintiff asserts four claims arising under 42 U.S.C. § 1983. Plaintiff now respectfully moves that all claims that name any State Defendant be dismissed.

## II.     Legal Standards

### A.     General pleading standards under FRCP 12(b)(6).

The Court's review of a motion to dismiss is limited to the face of the Complaint, documents attached to the Complaint, documents referenced by the Complaint whose authenticity is not disputed, and matters of which the Court may take judicial notice. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). The Court construes allegations of a complaint in the plaintiff's favor. *Sun Sav. & Loan Ass'n v. Dierdorff*, 825 F.2d 187, 191 (9th Cir. 1987). A complaint may be dismissed pursuant to Rule 12(b)(6) "for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory." *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

### B.     To state claims under 42 U.S.C. § 1983, Plaintiff must plead sufficient specific facts from which the Court could plausibly find that each individual State Defendant directly participated in the deprivation of his rights.

To state a claim, a complaint must plausibly suggest that the plaintiff is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009. A claim is plausible when it contains sufficient factual content to permit a reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 678. Requiring plausibility does not require probability, but it does require more

Page 4 -    STATE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT
43119442
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

than a mere "possibility that a defendant has acted unlawfully." *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Factual content that is merely "consistent with" liability "stops short of the line between possibility and plausibility." *Id*.  The Court is not required to accept legal conclusions couched as factual allegations.  *Id*.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.  Determining whether a complaint states a plausible claim for relief is a "context-specific task," but where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief as required by Fed. R. Civ. P. 8(a)(2).  *Id*. at 679.

To establish individual liability under section 1983, "a plaintiff must plead that each Government-official, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Soc. Serv's of City of New York,* 436 U.S. 658, 694 (1978 (no vicarious liability under § 1983).  The Complaint must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original); *Lacey v. Maricopa Cnty.,* 649 F.3d 1118, 1136 (9th Cir. 2011) (same).

Even under less stringent pleading standards that the Court may apply to self-represented litigants, liberal construction of pleadings does not justify a conclusion that "any document filed in a court giving some notice of a claim satisfies the requirements of the Federal Rules." *Classic Auto Refinishing v. Marino*, 37 F.3d 1354, 1357 (9th Cir. 1994).  Complaints filed *pro se* still must allege, with some particularity, specific acts committed by the defendants.  *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss."  *Ivey v. Bd of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  *Pro se* complaints must comply with Fed. R. Civ. P. 8(a)(2) and contain "a short and plain statement of

Page 5 -   STATE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT
43119442
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

the claim showing that the pleader is entitled to relief." *Marino*, 37 F.3d at 1357.

### III. Plaintiff's First and Third Claims Do Not Name Any State Defendant.

Plaintiff asserts four enumerated claims. In his First Cause of Action ("First Claim"), brought under 42 U.S.C. § 1983, he alleges that the "Hands-On Defendants" used unreasonable force in arresting him, and that he was subjected to punishment and punitive conditions of confinement in violation of the Fourth and Eighth Amendments. *Id.* ¶¶ 145-146. Plaintiff defines the "Hands-On Defendants" as a group of Clackamas County Sheriff Deputies and all others "directly . . . involved." *Id.* ¶ 17. Plaintiff's Third Cause of Action ("Third Claim"), also under 42 U.S.C. § 1983, asserts a claim against Clackamas County relating to failure to discipline its employees and deliberate indifference. *Id.* ¶¶ 157-162. The First and Third Claims do not implicate any State Defendant.

### IV. Plaintiff's Second and Fifth Claims Should Be Dismissed.

In his Second Cause of Action ("Second Claim"), also under 42 U.S.C. § 1983, plaintiff alleges "Supervisory Liability" against the "Supervising Defendants." *Id.* ¶¶ 150-156. The "Supervising Defendants" are a group of State and County defendants who were "indirectly involved." *Id.* ¶ 18. That includes Judges Herndon, Rastetter, and Jones, Debbie Spradley, the "Clackamas County Trial Administrator," Katy Coba, the Director of the Oregon Department of Administrative Services, former Clackamas County District Attorney John S. Foote, former Clackamas County Deputy District Attorney Christopher Heywood, and the Oregon "Department of Public Safety Systems [sic, "Standards"] and Training." *Id.* ¶ 18. The remaining Supervising Defendants are either County or private actors.

The Fourth Amended Complaint contains no Fourth Cause of Action.

In his "Fifth Cause of Action" ("Fifth Claim"), plaintiff alleges, again under 42 U.S.C. § 1983, a claim for "ratification" against Clackamas County and against the State of Oregon. *Id.* ¶¶ 163-167.

Page 6 -   STATE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT
43119442
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

The State Defendants respectfully move the Court to dismiss the Second and the Fifth Claims as against them, and then to dismiss the State Defendants entirely from this action.

**A.  Plaintiff's Second Claim fails because it is barred by absolute judicial and prosecutorial immunity and otherwise fails to state a valid claim for relief.**

**1.  Defendants Herndon, Rastetter, and Jones enjoy absolute judicial immunity.**

Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967).  This "immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (citations omitted).  As long a judge has jurisdiction to perform the "general act" in question, the judge is "immune however erroneous the act may have been, however injurious in its consequences it may have proved to the plaintiff, and irrespective of the judge's motivation. *Harvey v. Waldron*, 210 F.3d 1008, 1012 (9th Cir. 2000) (internal citations and quotations omitted), *overruled on other grounds*, *Wallace v. Kato*, 549 U.S. 384 (2007).

Here, plaintiff's allegations show that Judges Herndon, Rastetter, and Jones were acting in their judicial capacities and within the bounds of their jurisdiction.  Judge Herndon convicted plaintiff of a crime and Judge Rastetter held plaintiff in contempt of court.  FAC ¶¶ 77, 80. Judge Jones issued a warrant for plaintiff's arrest or ordered him to be taken into custody during an arraignment. *Id.* ¶¶ 90-91, 96, 126-127.  Convicting individuals of crimes, holding litigants in contempt of court, and issuing warrants and authorizing individuals to be taken into custody during arraignment proceedings are all acts within the judicial function and within the jurisdiction of these judges.  Plaintiff's allegations of conspiracy by these judges do not change that. *Stump v. Sparkman*, 435 U.S. 349, 354, 358 (1978) (noting that allegations of a conspiracy between a judge and private citizens to subject minor child to sterilization did not overcome

Page 7 -    STATE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT
43119442
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

judicial immunity where the law authorized judge to rule on petitions to sterilize minors).  The defendant judges enjoy absolute judicial immunity.  All claims against them should be dismissed with prejudice, and they should be dismissed from this action.

> **2. Defendant Spradley should be dismissed from this action based on her quasi-judicial immunity and plaintiff's failure to state any claims against her.**

Defendant Spradley enjoys quasi-judicial immunity from plaintiff's claims.  "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process."  *Mullis v. U.S. Bankruptcy Court for Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987) (holding that clerk of the court had quasi-judicial immunity for accepting and filing an incomplete bankruptcy petition, refusing to accept an amended petition, and failing to provide proper notice).  Here, Spradley is the trial court administrator at the Clackamas County Circuit Court.  To the extent plaintiff objects to Spradley's involvement in processing paperwork regarding plaintiff's criminal proceedings, warrants for his arrest, or other such matters that are integral to the judicial process, Spradley is entitled to immunity.

To the extent that plaintiff's grievances stem from the alleged conspiracy, plaintiff fails to state specific facts supporting a plausible inference of liability on any of plaintiff's claims.  *Twombly*, 550 U.S. at 570.  Plaintiff alleges that Spradley conspired with the judges to arrest plaintiff because, in plaintiff's view, the "kidnappings and beating were done for a profit, and Debbei [sic] Spradley handles the bookkeeping."  FAC ¶ 120.  An allegation that a trial court clerk would be motivated to arrest someone for profit because that clerk is in charge of the "bookkeeping" is not an allegation that supports a plausible inference of an unlawful conspiracy.  Otherwise, plaintiff alleges no action by Spradley other than refusing to show plaintiff the books and accounts of the court.  *Id.* ¶ 120.  That is not a violation of plaintiff's constitutional rights.  Accordingly, plaintiff fails to state a claim against Spradley.

Page 8 -   STATE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT
43119442

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

### 3. Defendants Foote and Heywood should be dismissed from this action based on their prosecutorial immunity and plaintiff's failure to state any claims against them.

Former District Attorney Foote and Former Deputy District Attorney Heywood are also named as "Supervising Defendants." *Id*. ¶ 18. Other than describing their capacities as prosecutors, plaintiff fails to identify a single action taken by either of them, and for that reason alone plaintiff fails to state a claim against either of them. Plaintiff alleges that "all defendants" conspired to beat and arrest him, but that is nothing more than a legal conclusion couched as a factual allegation, which is not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678. And to the extent that plaintiff seeks to hold them liable for any action they took in their prosecutorial functions, they are entitled to absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (holding that prosecutor's activities intimately associated with the judicial phase of the criminal process were entitled to immunity).

### 4. Plaintiff's Second Claim fails to allege specific facts against any of the remaining State Defendants sufficient to state a claim.

The only remaining State Defendants within the group of "Supervising Defendants," against whom the Second Claim runs, are Katy Coba, the Director of the Oregon Department of Administrative Services, and the Department of Public Safety Standards and Training ("DPSST"). FAC ¶ 18. Plaintiff fails to allege a single fact about either of them. Accordingly, plaintiff fails to state a claim against them, and they should be dismissed from this action.

### B. Plaintiff's Fifth Claim fails because 42 U.S.C. § 1983 claims cannot be maintained against states.

Plaintiff's Fifth Claim is a claim under 42 U.S.C. § 1983 for "ratification" against Clackamas County and the State of Oregon. Liability under § 1983 may be established under a "ratification" theory, whereby a plaintiff must demonstrate that "authorized policymakers approve[d] a subordinate's decision and the basis for it." *Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir. 1999). However, such liability extends only to municipalities or other "persons" because suits under § 1983 do not lie against states because states are not "persons" within the

Page 9 -   STATE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT
43119442
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

meaning of § 1983.  *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 64-68 (1989).  Further, section 1983 claims against state agencies that are considered "arms of the state" are deemed to run against the state itself, and thus will not lie.  *Id*. at 71.  Thus, even if plaintiff did allege specific facts, for example about the DPSST as in his Second Claim, that claim would not state a § 1983 claim against that agency, which is an arm of the State of Oregon, or the State itself.

### C. The remaining State Defendants should be dismissed from this action entirely because plaintiff does not allege specific facts about them.

The remaining two State Defendants are also entitled to dismissal.  The first is Governor Kate Brown.  Plaintiff fails to plead any facts about the role Governor Brown allegedly played in the relevant events.  Governor Brown cannot be held liable on a *respondeat superior* theory of liability.  *Monell*, 436 U.S. at 694.  She should be dismissed from this action.

The second is Shelley Hoffman.  Hoffman works for the Oregon Department of Administrative Services, Risk Management.  Plaintiff again fails to plead any fact about Hoffman, and she should also be dismissed from this action.

Plaintiff also identifies Samantha Olson in the caption as a "respondent" rather than a defendant.  On the date of plaintiff's courtroom arrest, Olson, who is now a Jackson County Deputy District Attorney, was a certified law clerk working for the Clackamas County District Attorney.  The intended distinction between "respondent" and "defendant" is not clear, but plaintiff seems to have no quarrel with Olson, noting with apparent approval that when Olson saw the video of the incident, she "refused to proceed."  FAC ¶ 113.  To the extent that Olson is deemed to be a defendant, she is a "State Defendant" and she joins this motion.  Plaintiff alleges nothing else about Olson's actions, and thus fails to state a claim against her.  Further, Olson would be entitled to prosecutorial immunity in any event.

### V. Plaintiff's attempt to incorporate his previous pleadings by reference into the Fourth Amended Complaint should be rejected.

As a final housekeeping matter, plaintiff states "The (Draft) Third Amended Complaint, which is already in the record, and which has already been served on all parties, is hereby

Page 10 -   STATE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED
            COMPLAINT
    43119442
                                            Department of Justice
                                            100 SW Market Street
                                            Portland, OR 97201
                                        (971) 673-1880 / Fax: (971) 673-5000

incorporated by reference as if fully set forth here, does anyone disagree?" FAC ¶ 192. State Defendants disagree. The general rule is that an amended complaint supersedes all previous complaints and renders them without legal effect. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012). If the "(Draft) Third Amended Complaint" has some legal significance other than as a pleading instrument, plaintiff may submit it as an exhibit and adopt it by reference under Fed. R. Civ. P. 10(c). However, plaintiff cannot simply use that now-superseded amended complaint for the purpose of stating claims. He must set forth all relevant facts and causes of action in his Fourth Amended Complaint. Accordingly, the Court should not consider any of plaintiff's prior pleadings in resolving this motion.

## VI.  Conclusion

For the reasons set forth above, the State Defendants respectfully request the Court grant their Motion to Dismiss.

DATED August  6 , 2021.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General


    *s/ Jesse B. Davis*
JESSE B. DAVIS #052290
Senior Assistant Attorney General
Trial Attorney
Tel (971) 673-1880
Fax (971) 673-5000
jesse.b.davis@doj.state.or.us
Of Attorneys for State Defendants

Page 11 -  STATE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT
43119442
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

# CERTIFICATE OF SERVICE

I certify that on August  6 , 2021, I served the foregoing STATE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT upon the parties hereto by the method indicated below, and addressed to the following:

| | |
|---|---|
| Ronald Kenneth Strasser<br>151 S. Scott Street<br>Carlton, OR 97111<br>503-718-1858<br>  *Pro Se* | ___ HAND DELIVERY<br> X  MAIL DELIVERY<br>___ OVERNIGHT MAIL<br>___ TELECOPY (FAX)<br> X  E-MAIL<br>ronaldkennethstrasser@mail.com |

       *s/ Jesse B. Davis*
JESSE B. DAVIS #052290
Senior Assistant Attorney General
Trial Attorney
Tel (971) 673-1880
Fax (971) 673-5000
jesse.b.davis@doj.state.or.us
Of Attorneys for defendants
State of Oregon, Governor Kate Brown,
Shelley Hoffman, Katy Coba,
Robert D. Herndon, Jeffery S. Jones,
Thomas J. Rastetter, Debbie Spradley,
John S. Foote, Christopher K. Haywood,
Samantha Olson, Department of Public Safety
Systems and Training, and All Clerks of
Clackamas County Court and their Associates

Page 1 -   CERTIFICATE OF SERVICE
          43136138

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000