**UNITED STATES DISTRICT COURT**
OFFICE OF THE CLERK
DISTRICT OF OREGON
740 UNITED STATES COURTHOUSE
1000 S.W. THIRD AVENUE · PORTLAND, OREGON 97204-2902

OFFICIAL BUSINESS

Ronald Kenneth Strasser
c/o 1435 NE 81st Avenue, #100
Portland, Oregon 97213

NIXIE        971   FE 1        0008/28/21
          RETURN TO SENDER
     NOT DELIVERABLE AS ADDRESSED
          UNABLE TO FORWARD
BC: 97204293099      *0229-02761-19-43



# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RONALD-KENNETH STRASSER,** | Case No. 3:19-cv-1051-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **STATE OF OREGON,** *et al.*, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiff moves for an extension of 30 days from the date of this Order to file his Third Amended Complaint and for clarification of the Court's Order dated April 20, 2021. Plaintiff's motion for extension of time is granted, and the Court clarifies its April 20th Order as follows.

Plaintiff requests clarification of the Court's finding that Plaintiff's Second Amended Complaint (SAC) did not comply with Rule 8 of the Federal Rules of Civil Procedure. The Court cited authorities for the general proposition that Rule 8 requires a "short and plain statement of the claim showing that the plaintiff is entitled to relief." Those cited authorities found various deficiencies under Rule 8 in the complaints they evaluated. Plaintiff questions whether all of those deficiencies apply to the SAC. The fact that the Court cited authorities to support a general proposition regarding the standard under Rule 8 does not mean that the SAC suffers from those precise deficiencies.

PAGE 1 – ORDER

The Court discussed that the SAC—similar to the complaints in the cited cases—does not provide a short and plain statement of the case. As the Court noted in its April 20th Order, the SAC primarily contains questions by Plaintiff and quotes from purported legal authorities. Plaintiff questions why those type of allegations do not fall within Rule 8. The Court does not provide legal advice, but notes that Rule 8 requires *factual allegations* to state a claim. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (stating that under Rule 8 a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"). Legal conclusions may be part of the framework of a complaint, but the Court does not accept them as true and they do not suffice to state a claim. *Iqbal*, 556 U.S. at 678-79 ("First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Regarding sovereign immunity, Plaintiff requests that the Court answer "who or what is 'State of Oregon.'" For purposes of Plaintiff's Third Amended Complaint, the State of Oregon is the defendant named by Plaintiff that the Court has identified as being subject to Eleventh Amendment immunity.

Regarding absolute judicial immunity, Plaintiff questions why allegations of conspiracy are not sufficient. As explained by the Ninth Circuit, sitting *en banc*,

PAGE 2 – ORDER

> Judges' immunity from civil liability should not be affected by the motives with which their judicial acts are performed. Intent should play no role in the immunity analysis. Moreover, allegations that a conspiracy produced a certain decision should no more pierce the actor's immunity than allegations of bad faith, personal interest or outright malevolence.
>
> The primary policy of extending immunity to judges and to prosecutors is to ensure independent and disinterested judicial and prosecutorial decisionmaking. To effectuate this policy, we will broadly construe the scope of immunity. To foreclose immunity upon allegations that judicial and prosecutorial decisions were conditioned upon a conspiracy or bribery serves to defeat these policies.

*Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (*en banc*) (citations omitted). The focus for judicial immunity is on the alleged acts of the judges. "As long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisidiction, immunity applies." *Id.*

The Court GRANTS Plaintiff's motion for extension of time to file his Third Amended Complaint, ECF 34. Plaintiff has until June 16, 2021.

**IT IS SO ORDERED.**

DATED this 17th day of May, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 3 – ORDER

**Scheduling Orders/Judgments/Other Orders**

3:19-cv-01051-SI Strasser v. State of Oregon et al
IFP, LawClerk:Winters, REOPENED,

### U.S. District Court

### District of Oregon

**Notice of Electronic Filing**

The following transaction was entered on 5/19/2021 at 11:01 AM PDT and filed on 5/19/2021
**Case Name:** Strasser v. State of Oregon et al
**Case Number:** 3:19-cv-01051-SI
**Filer:**
**Document Number:** 38(No document attached)

**Docket Text:**
ORDER - The Court mailed Plaintiff a copy of the Court's Order dated May 17, 2021 (ECF [35]), which granted Plaintiff's motion for an extension of time to file his Third Amended Complaint. This copy was returned as undeliverable. Under Local Rule 83-10, Plaintiff is required to notify the Court every time his contact information, including his mailing address, changes. The Court may dismiss this case if Plaintiff fails to comply with Local Rules. Plaintiff's most recent filing (ECF [37]) contains a different mailing address. The Court has updated Plaintiff's mailing address to the address listed in (ECF [37]) and the Clerk of the Court is directed to mail to Plaintiff a copy of this Order and the Court's Order dated May 17, 2021 (ECF [35]), to that address. If that is not Plaintiff's current mailing address, Plaintiff is directed to file a Notice of Change of Address with the Court. In the future, Plaintiff must file a Notice of Change of Address with the Court whenever his mailing address, telephone number, or email address changes. Ordered by Judge Michael H. Simon. *(Copy of this Order and Order [35] mailed to Plaintiff on 5/19/2021)* (mja)

3:19-cv-01051-SI Notice has been electronically mailed to:

3:19-cv-01051-SI Notice will **not** be electronically mailed to:

Ronald Kenneth Strasser
c/o 1435 Northeast 81 Avenue, Suite 100
Portland, OR Exempt