**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**RONALD-KENNETH STRASSER**,

Plaintiff,

v.

**STATE OF OREGON, *et al.***,

Defendants.

Case No. 3:19-cv-1051-SI

**OPINION AND ORDER**

Ronald-Kenneth Strasser. Plaintiff, *pro se*.

Ellen F. Rosenbaum, Attorney General; Jesse B. Davis, Senior Assistant Attorney General, OREGON DEPARTMENT OF JUSTICE, 100 SW Market Street, Portland, OR 97201. Of Attorneys for the State of Oregon, Governor Kate Brown, Shelley Hoffman, Katy Coba, Robert D. Herndon, Jeffery S. Jones, Thomas J. Rastetter, Debbie Spradley, John S. Foote, Christopher K. Heywood, Department of Public Safety Systems and Training, Samantha G. Olson, and All Clerks of Clackamas County Court and their Associates.

**Michael H. Simon, District Judge.**

Plaintiff Ronald-Kenneth Strasser, representing himself, brings this lawsuit against numerous state and local officials. Plaintiff asserts claims under 42 U.S.C. § 1983, alleging that Defendants violated Plaintiff's rights under the Fourth and Eighth Amendments to the United States Constitution, as incorporated by the Fourteenth Amendment. Before the Court is a motion to dismiss filed by the State of Oregon; Governor Kate Brown; Clackamas County Circuit Court Judges Robert D. Herndon, Thomas J. Rastetter, and Jeffrey S. Jones; Clackamas County State

Risk Manager Shelley Hoffman; Department of Administrative Services employee Katy Coba; Clackamas County Trial Court Administrator Debbie Spradley; Clackamas County District Attorneys John S. Foote and Christopher Heywood;[1] the Department of Public Safety Systems and Training; and all Clackamas County clerks and their associates (collectively, the State Defendants).[2] The State Defendants argue that most of them are immune from suit, and that Plaintiff fails to state a claim against those who are not immune from suit. For the reasons discussed below, the Court grants the State Defendants' Motion to Dismiss.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, a court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations

---

[1] The Fourth Amended Complaint misspells Christopher Heywood's last name as "Haywood."

[2] A summons has not yet been issued in this case. It does not appear that Plaintiff has served any Defendants in this action. Defendants Clackamas County Sheriffs Craig Roberts, Dave Ellington, Daniel Joseph O'Keefe, Greg Klepper, and Morgan Guthner; Clackamas County Risk and Safety Manager Eric Machado; Captain David O'Shaughnessy; Sergeant Corey R. Smith; County Administrator Donald Krupp; Chief Executive Officer Deputy Laurel Butman; Commissioner Ken Humberston; the Oregon State Sheriff's Association; Washington County Sheriff Pat Garrett; and DPI Security have not yet appeared.

of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit a plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epstein Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

A court must liberally construe the filings of a self-represented, or *pro se*, plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Further, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011) (quotation marks omitted). "Unless it is absolutely clear that no amendment can cure the defect, . . . a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original)

(quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

**BACKGROUND**

Plaintiff's claims arise primarily from his alleged arrest and beating in a Clackamas County Circuit Court on July 6, 2017. Plaintiff alleges that one year before his July 6th arrest, Judge Herndon improperly ordered Plaintiff's arrest for "driving while revoked" and held him "in the dungeon" for ninety days "for ransom." Plaintiff also alleges that several months before his July 6th arrest, Judge Rastetter wrongfully held Plaintiff in contempt and ordered Sheriff O'Keefe to seize Plaintiff's phone by force. Plaintiff alleges that on July 6, 2017, Judge Jones ordered Plaintiff's arrest and beating in court, wrongfully ordered his detainment for 58 days, and ordered a video of the beating to be "censored." Plaintiff also alleges that Clackamas County Sheriffs Klepper, O'Keefe, and Guthner, Captain O'Shaughnessy, and Sergeant Smith "purchased" Plaintiff's fingerprints. Plaintiff alleges that all named Defendants conspired to bring about Plaintiff's July 6th arrest and beating for financial gain.

Plaintiff brings four claims under 42 U.S.C. § 1983. First, Plaintiff asserts a claim against the sheriffs and deputies involved in his alleged July 6th beating for violating the Fourth and Eighth Amendments. Second, Plaintiff asserts a claim against Governor Brown, Hoffman, Roberts, and Ellington, alleging that they consciously disregarded Plaintiff's rights in violation

of the U.S. and Oregon Constitutions. Third, Plaintiff asserts a claim against Clackamas County, alleging that it violated the "Fourth, Eighth, and other Amendments" for its deliberate indifference to inmates' rights. Plaintiff asserts a fourth claim (labeled as the "Fifth Cause of Action") against Clackamas County and the State of Oregon for "ratifying" the actions of those involved in Plaintiff's alleged arrests and beating.

Plaintiff filed this case on July 3, 2019 and then filed two amended complaints. On April 20, 2021, the Court identified deficiencies in Plaintiff's Second Amended Complaint and gave Plaintiff leave to file a Third Amended Complaint. ECF 33. Plaintiff filed a Third Amended Complaint. The Court then granted Plaintiff's request to file a Fourth Amended Complaint, which is the operative complaint.

## DISCUSSION

### A. Whether Plaintiff's Fourth Amended Complaint May Incorporate by Reference Plaintiff's Third Amended Complaint

Plaintiff's Fourth Amended Complaint attempts to incorporate by reference the Third Amended Complaint. *See* FAC ¶ 192. An amended complaint, however, supersedes all previously filed complaints. *CDK Glob. LLC v. Brnovich*, --- F.4th ---, 2021 WL 4944824, at *3 (9th Cir. Oct. 25, 2021) (holding that the trial court did not err by denying an injunction on claims not included in the amended complaint because "[a]n amended complaint 'supersedes the original complaint'" (quoting *P. Bell Tel. Co. v. linkLine Commc'ns, Inc.*, 555 U.S. 438, 456 n.4 (2009))). Further, the local rules of this district provide that a plaintiff may not incorporate by reference a previously filed complaint into an amended complaint. Local Rule 15-1 ("An amended or supplemental pleading must reproduce the entire pleading and may not incorporate any part of the prior pleading by reference."). Thus, for the purposes of this motion, the Court only looks to allegations in Plaintiff's Fourth Amended Complaint.

**B. Eleventh Amendment Immunity**

Plaintiff brings what he calls his Fifth Cause of Action against the State of Oregon and Clackamas County. The State Defendants argue that the Eleventh Amendment bars Plaintiff's claim against State of Oregon and that the Court should therefore dismiss the State from this lawsuit.

Eleventh Amendment sovereign immunity precludes a plaintiff from recovering damages or injunctive relief in federal court against a state or its agencies. *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1040 (9th Cir. 2003). There are two exceptions to the Eleventh Amendment's jurisdictional bar: (1) Congress can abrogate the Eleventh Amendment without the consent of the states in certain situations; and (2) a state may waive its immunity by consenting to suit in federal court but must do so by "the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction." *Micomonaco v. State of Washington*, 45 F.3d 316, 319 (9th Cir. 1995) (alteration in original) (quoting *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 239-40 (1985)). A statute consenting to suit in state court does not constitute consent to suit in federal court. *Fordyce v. City of Seattle*, 55 F.3d 436, 441 (9th Cir. 1995).

The State of Oregon has not consented to be sued in federal court or otherwise waived its immunity as is relevant to Plaintiff's claims because the State of Oregon has not in express terms consented to suit. *See Micomonaco*, 45 F.3d at 319; *Delong Corp. v. Or. State Highway Comm'n*, 343 F.2d 911, 912 (9th Cir. 1965) (per curiam) (affirming the district court's conclusion that the State of Oregon had not waived Eleventh Amendment immunity by signing an agreement with the United States to receive federal funds to aid construction of a bridge). Plaintiff's argument that the State of Oregon is not a state "within the meaning of case law" lacks merit because Plaintiff has alleged no facts showing that the State of Oregon is not a state within

the United States entitled to Eleventh Amendment immunity. Thus, Plaintiff may not bring his claims against the State of Oregon in this federal court. The Court therefore dismisses Plaintiff's Fifth Cause of Action against the State of Oregon and dismisses the State of Oregon from this lawsuit.

**C. Judicial Immunity**

Plaintiff brings his Second Cause of Action against Clackamas County Circuit Court Judge Herndon, Judge Jones, Judge Rastetter, trial court administrator Spradley, and all clerks of the Clackamas County Circuit Court. The State Defendants argue that Plaintiff's claims against these Defendants should be dismissed because judges are absolutely immune from suit and court administrators and clerks have quasi-judicial immunity.

Judges are absolutely immune from liability for damages, declaratory relief, and generally for injunctive relief[3] sought as a result of judicial acts performed in their judicial capacity. *Moore v. Brewster*, 96 F.3d 1240, 1243-44 (9th Cir. 1996), *superseded by statute on other grounds*; *Mullis v. U.S. Bankr. Ct. for Dist. of Nev.*, 828 F.2d 1385, 1388 (9th Cir. 1987); *see also Craig v. Villicana*, 676 F. App'x 716 (9th Cir. 2017). To qualify for judicial immunity, a judge must have performed "judicial acts" within the scope of his or her jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). "An act is judicial in nature if it is a function normally performed by a judge and the parties to the act were dealing with the judge in his judicial capacity." *McGuire v. Clackamas Cnty. Counsel*, 2009 WL 4456310, at *4 (D. Or. Nov. 24, 2009) (citing *Stump*, 435 U.S. at 362). Judges have "absolute immunity even when their

---

[3] Prospective injunctive relief against a judicial official may be available under § 1983 in the limited circumstances when "a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

actions are erroneous, malicious, or in excess of judicial authority." *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989).

The Ninth Circuit has extended absolute immunity to court clerks and similar staff, even for what could be considered administrative or ministerial functions if those functions are "quasi-judicial" in nature. *See, e.g.*, *In re Castillo*, 297 F.3d 940, 951-53 (9th Cir. 2002), *as amended* (Sept. 6, 2002); *Moore*, 96 F.3d at 1244. The Ninth Circuit has held that functions giving rise to quasi-judicial immunity include scheduling and giving notice of hearings and handling a supersedeas bond. *Castillo*, 297 F.3d at 952; *Moore*, 96 F.3d at 1244. The court has also cited with approval the Second Circuit's decision holding that absolute immunity arises because "[a] court's inherent power to control its docket is part of its function of resolving disputes between parties. This is a function for which judges and their supporting staff are afforded absolute immunity." *Castillo*, 297 F.3d at 951 (quoting *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997)).

Plaintiff brings his claims against Judge Herndon, Judge Jones, and Judge Rastetter based on allegations that they found Plaintiff guilty, ordered Plaintiff's cell phone taken from him before he was ready while Plaintiff was in the courtroom, held him in contempt, issued a warrant for Plaintiff's arrest, ordered his incarceration (or "kidnapping" and placement in the "dungeon," as Plaintiff alleges), and ordered that the audio portion of an evidentiary video be "censored." These actions are all judicial in nature and for which Judge Herndon, Judge Jones, and Judge Rastetter have absolute immunity, even assuming the facts are as Plaintiff alleges. Plaintiff's argument that these three judges are not properly in office lacks merit because Plaintiff has alleged no facts calling into question whether they hold valid positions as judges and because a

federal civil lawsuit under § 1983 is not the proper method or forum to challenge a state court judge's qualifications for office.

Plaintiff also alleges that Judge Herndon, Judge Jones, and Judge Rastetter engaged in a conspiracy to "kidnap" Plaintiff and have him "beaten" by sheriff's office personnel. Speculative and conclusory allegations that these judges engaged in a conspiracy do not preclude absolute immunity. "To foreclose immunity upon allegations that judicial and prosecutorial decisions were conditioned upon a conspiracy or bribery serves to defeat" the policies underlying broad judicial and prosecutorial immunity. *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (en banc). "As long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies." *Id.*; *see also Khazali v. Berns*, 2016 WL 4479915, at *2 (W.D. Wash. Aug. 24, 2016) ("Judicial immunity applies even if there are allegations that a judicial decision resulted from a bribe or a conspiracy."); *Gozzi v. County of Monterey*, 2014 WL 6988632, at *7 (N.D. Cal. Dec. 10, 2014) ("Moreover, even if the Judicial Defendants had acted corruptly and received bribes, as Plaintiff appears to allege, they would still be immune from Plaintiff's § 1983 claim.").

Plaintiff also asserts his Second Cause of Action against the Clackamas County Circuit Court Administrator Spradley and all Clackamas County court clerks, among other Defendants. Plaintiff alleges that these Defendants engaged in a conspiracy to kidnap and beat Plaintiff and that this conspiracy was "for profit" because the court administrator is responsible for the court's bookkeeping. Plaintiff also alleges that Spradley refused to let him view the court's bookkeeping records and accounts. Quasi-judicial immunity protects Spradley and all court clerks from Plaintiff's claims based on the performance of their administrative and ministerial duties, such as bookkeeping, processing warrants for Plaintiff's arrest, and processing paperwork related to

Plaintiff's criminal proceedings. *See Castillo*, 297 F.3d at 951-53. Plaintiff's speculative allegations of conspiracy do not overcome the protections of quasi-judicial immunity. *See McCarthy v. Mayo*, 827 F.2d 1310, 1314-15 (9th Cir. 1987) (holding that allegations of conspiracy do not remove quasi-judicial immunity); *Badea v. Bowman*, 917 F.2d 27, 1990 WL 163358, at *1 (9th Cir. 1990) (unpublished table decision) (holding that "[a]llegations of bad faith, personal interest, outright malevolence, or conspiracy fail to pierce the cloak" of the court clerk defendants' quasi-judicial immunity). Plaintiff's argument that Spradley is not properly in office lacks merit because Plaintiff has alleged no facts calling into question that Spradley was hired as a court clerk and acted under her duties as a clerk, and because a federal civil rights lawsuit under § 1983 is not the proper method or forum for challenging a state court clerk's employment.

Plaintiff's invocation of the "*de facto* officer doctrine" is not relevant here because it only applies to officers subject to the Appointments Clause acting under color of their title but whose appointments were later discovered deficient. *Ryder v. United States*, 515 U.S. 177, 180 (1995). Only certain officers of the federal government are subject to the Appointments Clause. *See* U.S. CONST. art. II, § 2, cl. 2 (stating that the clause applies to appointments of "Ambassadors, other public Ministers and Consuls, Judges of the supreme Court, and all other Officers of the United States"). The Appointments Clause does not apply to state court clerks and judges. Accordingly, the Court dismisses all claims against Judge Herndon, Judge Jones, Judge Rastetter, Spradley, and all Clackamas County Circuit Court clerks.

**D. Prosecutorial Immunity**

Plaintiff also asserts his Second Cause of Action against former District Attorney Foote and former Deputy District Attorney Heywood, among other Defendants. The State Defendants

argue that Defendants Foote and Heywood should be dismissed from this suit because they have absolute prosecutorial immunity.

A prosecutor is entitled to absolute prosecutorial immunity for actions that are intimately associated with the judicial phase of the criminal process. *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009). To be entitled to absolute immunity, the prosecutorial act need not occur within the courtroom. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 272 (1993) ("[T]he duties of the prosecutor in his role as advocate for the State involve actions preliminary to the initiation of a prosecution and actions apart from the courtroom." (quotation marks and citation omitted)). A prosecutor's functions protected by absolute immunity include initiating a prosecution and presenting the State's case, appearing at a probable cause hearing to present evidence in support of a search warrant application, professional evaluation of evidence assembled by the police and appropriate preparation for its presentation at a trial or grand jury after a decision to seek an indictment has been made, and preparing and filing an arrest warrant. *See id.* at 273; *Van de Kamp*, 555 U.S. at 343; *Ewing v. City of Stockton*, 588 F.3d 1218, 1232-33 (9th Cir. 2009).

Plaintiff's only allegations about District Attorneys Foote and Heywood are that they participated in the conspiracy to arrest and beat Plaintiff. These allegations involve only Foote and Heywood's actions associated with the judicial phase of the criminal process and do not show that they acted "clearly outside the scope of [their] authority." *See McCarthy*, 827 F.3d at 1315. Plaintiff's allegations of conspiracy do not remove Defendants Foote and Heywood's prosecutorial immunity. *See id.* (holding that allegations of conspiracy did not remove the defendant prosecutors' immunity because "[t]he intent of the prosecutor when performing prosecutorial acts plays no role in the immunity inquiry"). Accordingly, the Court dismisses Plaintiff's claims against Defendants Foote and Heywood.

**E. Failure to State a Claim**

Plaintiff has not alleged any specific facts about Governor Brown, Katy Coba, the Department of Public Safety Standards and Training, or Shelley Hoffman. To plausibly state a claim under § 1983, Plaintiff must "allege specific facts linking each defendant to a § 1983 violation." *Ortez v. Washington County*, 88 F.3d 804, 809 (9th Cir. 1996). Plaintiff only includes Governor Brown, Katy Coba, the Department of Public Safety Standards and Training, and Shelley Hoffman in a group named the "Supervising Defendants," and then alleges that those Supervising Defendants engaged in a conspiracy to arrest and beat Plaintiff and failed to adequately train employees and failed to investigate complaints of unconstitutional conduct.

There is no *respondeat superior* liability under § 1983. "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr*, 652 F.3d at 1207 (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). The requisite showing can be established by demonstrating that the supervisor: (1) set in motion a series of acts by others or knowingly refused to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict constitutional injury; (2) had his or her own culpable action or inaction in the training, supervision, or control of his or her subordinates; (3) acquiesced in the constitutional deprivation by subordinates; or (4) engaged in conduct that shows reckless or callous indifference to the rights of others. *Id.* at 1207-08. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of [the plaintiff's] civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Plaintiff has not alleged facts relating to the "Supervising Defendants" having any personal involvement in the alleged deprivation of Plaintiff's rights or otherwise linked any "Supervising Defendant" to an alleged violation of law. Plaintiff has therefore failed to state a claim against Governor Brown, Katy Coba, the Department of Public Safety Standards and Training, and Shelley Hoffman. Accordingly, the Court dismisses all claims against Governor Brown, Katy Coba, the Department of Public Safety Standards and Training, and Shelley Hoffman.

Plaintiff also names Samantha Olson as a "Respondent (not defendant)." ECF 47 ¶ 113. It appears that Plaintiff intends to include Olson as an individual with information relevant to his claims, but not as a defendant. Plaintiff did not list Olson as a defendant in the caption of his complaint, describes her as "not defendant," and describes her actions with approval. Plaintiff's only allegation involving Olson is that, as an assistant District Attorney, she saw a video of Plaintiff's beating and "refused to proceed." *Id.* Because Olson is not a defendant, the Court need not dismiss her from this case.

### F. Leave to Amend

The State Defendants argue that Plaintiff's claims against them should be dismissed with prejudice. The Court agrees. The dismissal based on judicial, quasi-judicial, and sovereign immunity could not be cured with an amendment. For the claims against the remaining defendants, the Court has already given Plaintiff a detailed description of the deficiencies in his complaint and ample opportunity to amend his claims to cure those deficiencies. Plaintiff has been unable to cure the deficiencies. Further amendment would be futile.

## CONCLUSION

The Court GRANTS the State Defendants' Motion to Dismiss (ECF 52). Plaintiff's claims against the State Defendants are dismissed with prejudice. In addition, the Court reminds

Plaintiff that the Court previously extended the deadline for service of process to November 19, 2021 (ECF 56). If Plaintiff has not served the remaining Defendants in this lawsuit by November 19, 2021, the Court will dismiss this case without prejudice.

**IT IS SO ORDERED**.

DATED this 5th day of November, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge