IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RONALD-KENNETH STRASSER**, | Case No. 3:19-cv-1051-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **STATE OF OREGON,** *et al.*, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiff Ronald-Kenneth Strasser (Strasser), representing himself, brings this lawsuit against 26 state and local officials and entities. Although Strasser did not effectuate service of process, thirteen defendants (the State Defendants) appeared and filed a motion to dismiss Plaintiff's Fourth Amended Complaint (ECF 52).[1] The Court found that the State Defendants waived the defense of defective service of process and then addressed on the merits the State Defendants' motion to dismiss. On November 5, 2021, the Court granted the State Defendants'

---

[1] The State Defendants are: the State of Oregon; Governor Kate Brown; Shelley Hoffman; Katy Coba; State Judge Robert Herndon; State Judge Jeffrey Jones; State Judge Thomas Rastetter; Debbie Spradley; John Foote; Christopher Heywood (misspelled as "Haywood" in the Plaintiff's caption); Samantha Olson; the Oregon Department of Public Safety Standards and Training; and "all Clerks of Clackamas County Court and their associates."

PAGE 1 – ORDER

motion, dismissing Plaintiff's claims with prejudice. ECF 68. The Court ruled that Plaintiff's claims against many of the State Defendants were barred by various immunity doctrines. *Id*. For the claims not barred by immunity doctrines, the Court found that Plaintiff had failed to state a claim upon which relief could be granted, that Plaintiff previously had been given detailed explanations describing the substantive deficiencies in his previous complaints, and that Plaintiff had been given ample opportunities to cure those deficiencies. *Id*. Because Plaintiff was unable to cure the deficiencies after several attempts, the Court deemed further leave to amend futile. *Id*. at 13. The Court subsequently denied Strasser's motion for reconsideration of that opinion. ECF 88; ECF 91.

In a previous order, the Court had identified by name the 13 other defendants that Plaintiff had not served with process and provided Strasser significant additional time to effectuate service of process *on those additional 13 defendants*.[2] ECF 56; *see also* ECF 72 (further extending the time to effectuate service of process); ECF 81 (further extending the time to effectuate service of process); ECF 84 (further extending the time to effectuate service of process). Instead of serving these unserved 13 defendants, Plaintiff purported to serve all defendants in this case, including the many State Defendants that the Court previously had dismissed from the case with prejudice.[3] A dismissal with prejudice, however, is final. Plaintiff

---

[2] These unserved defendants are: Craig Roberts, Clackamas County Sheriff; Dave M. Ellington, Clackamas County Under Sheriff; Daniel Joseph O'Keefe, Clackamas County Sheriff Deputy; Greg Keppler, Clackamas County Sheriff Deputy; Eric Machado, Clackamas County Risk and Safety Manager; David O'Shaughnessy, Captain; Corey R. Smith, Sergeant; Morgan Guthner, Clackamas County Sheriff Deputy; Donald Krupp, County Administrator; Laurel Butman, Chief Executive Officer Deputy; Ken Humberston, Commissioner; Oregon State Sheriff's Association; and Sheriff Pat Garrett, 2017 OSSA President & Washington County Sheriff. ECF 56 n.2.

[3] Plaintiff also purported to serve new parties whom he did not name as defendants in the Fourth Amended Complaint but simply called "respondents" whom he alleged had relevant information relating to the case.

may not revive claims against defendants dismissed with prejudice merely by attempting to serve them with an amended pleading.

On April 23, 2022, Plaintiff filed a motion for entry of default and default judgment against all defendants originally named in this case, including the State Defendants dismissed with prejudice.[4] ECF 96. The State Defendants responded by filing an opposition to the motion for default and by filing a motion for a partial judgment under Rule 54(b) of the Federal Rules of Civil Procedure. The State Defendants argue that partial judgment is warranted in this case to avoid further harassment from Plaintiff and because the applicable immunity defenses are subject to interlocutory appeal so any immediate appeal would not prejudice any party. For the few defendants against whom claims were dismissed with prejudice based on Plaintiff's failure to state a claim, the State Defendants argue that the law is straightforward (no *respondeat superior* liability is available under 42 U.S.C. § 1983), any appeal would proceed expeditiously, and there would be no undue prejudice.

Plaintiff responded that he objects to the entry of a partial judgment because he would prefer to amend his complaint to allege that the state officials are not properly in office and thus not deserving of immunity. This argument, however, fails to understand the effect of a dismissal with prejudice. Plaintiff may not amend to add new allegations relating to the State Defendants because his claims against these defendants have been dismissed with finality. Further, Plaintiff already alleged that the State Defendants are "not properly in office" in paragraph 11 of his Fourth Amended Complaint (ECRF 47),[5] so there is nothing new in adding such an allegation in

---

[4] Plaintiff also moved for default against the "respondents."

[5] Plaintiff already alleged that: "All Defendants purport to have official capacities, but are not properly in office, for lack of a properly signed and filed Oath of Office and for lack of a complete unbroken chain of documents connecting them to an Organic Law, does anyone disagree?" ECF 47 at 4 (¶ 11).

PAGE 3 – ORDER

a Fifth Amended Complaint. Additionally, Plaintiff made this same argument in his motion for reconsideration, which the Court already rejected. ECF 88; ECF 91.

Before resolving the State Defendants' motion for partial judgment, the Court considers Plaintiff's motion for entry of default. In his motion for default and entry of default judgment, Plaintiff states that he is entitled to both entry of default and default judgment because he served all defendants (and respondents) by FedEx. He makes no other argument and provides no other evidence. His motion, therefore, fails on its face as a motion for entry of default judgment.

With respect to a motion for entry of default against the defendants for whom the Court has not dismissed his claims with prejudice, the Court considers Plaintiff's proof of service. Plaintiff's process server asserts that he served the Fourth Amended Complaint on all defendants by FedEx. ECF 94. There are several problems, however, with this purported service of process. The first is that Plaintiff does not indicate that a summons was included in the service but only states that the Fourth Amended Complaint was served on the defendants. Service of process must include a summons issued by the Clerk of the Court.[6] *See* Fed. R. Civ. P. 4(c)(1).

The second problem is that Plaintiff does not explain how he obtained the addresses he served or why those addresses are the correct addresses for service on each specific defendant. The third problem is the method of service. Sending pleadings by FedEx, by itself, is not sufficient service of process. Sufficiency of process is governed by Rule 4 of the Federal Rules of Civil Procedure. Rule 4(m) requires that a defendant be served within 90 days or a court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Rule 4(e) explains how to serve an individual within the United States, and

---

[6] There are summonses included with the Proof of Service, but they have not been issued by the Clerk of the Court and are thus ineffective. Further, it is unclear whether they were even included in the purported service delivery.

includes that following state law within the jurisdiction where service is made or the action is filed constitutes sufficient service.

Under Oregon law, service may be made by:

> personal service of true copies of the summons and the complaint upon defendant or an agent of defendant authorized to receive process; substituted service by leaving true copies of the summons and the complaint at a person's dwelling house or usual place of abode; office service by leaving true copies of the summons and the complaint with a person who is apparently in charge of an office; service by mail; or service by publication.

Or. R. Civ. P. 7D(1). Service by mail is further defined as:

> When service by mail is required or allowed by this rule or by statute, except as otherwise permitted, service by mail shall be made by mailing true copies of the summons and the complaint to the defendant by first class mail and by any of the following: certified, registered, or express mail with return receipt requested. For purposes of this paragraph, "first class mail" does not include certified, registered, or express mail, return receipt requested, or any other form of mail that may delay or hinder actual delivery of mail to the addressee.

*Id.* 7D(2)(d)(i).

When serving an individual by mail, service is considered complete "provided the defendant or other person authorized to receive service signs a receipt for the certified, registered, or express mailing, in which case service shall be complete on the date on which the defendant signs a receipt for the mailing." *Id.* 7D(3)(a)(i). Service by mail is considered complete "on the day the defendant, or other person authorized by appointment or law, signs a receipt for the mailing, or 3 days after the mailing if mailed to an address within the state, or 7 days after the mailing if mailed to an address outside the state, whichever first occurs." *Id.* 7D(2)(d)(ii). For a business association, including professional corporations and cooperatives, service by mail is alternate service that may be used only if a registered agent, officer, or director cannot be found in the county in which the action is filed. *Id.* 7D(3)(b)(ii).

Thus, service by mail under Oregon law requires sending the pleadings *both* by first class mail *and* by certified, registered, or express mail with return receipt requested. Additionally, the *defendant* or some other authorized person must sign for the documents. Plaintiff did not use any of the methods described in the rule. He instead sent the Fourth Amended Complaint by FedEx, with some of the deliveries not even requiring a signature (*see, e.g.*, ECF 94 at 48, 50, 56). Even if the FedEx deliveries that obtained signatures can be equated to certified, registered, or express mail with return receipt requested, Plaintiff would still have needed to send another copy by first class mail. Further, none of the signatures that were obtained and presented to the Court are from the defendants themselves.[7] Plaintiff also failed to explain how or why the addresses to which the documents were sent are the appropriate addresses for the defendants and how or why the signers of each FedEx delivery are the appropriate recipients of the documents or authorized signers on behalf of the specific defendant purportedly being served. Nor did Plaintiff describe for the non-individual defendants why alternate service was appropriate.

Given all the deficiencies in Plaintiff's purported service of process, Plaintiff has not shown that he properly effectuated service on the defendants that have not yet appeared in this action. "Pro se litigants must follow the same rules of procedure that govern other litigants." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997). "So long as a party receives sufficient notice of the complaint, Rule 4 is to be liberally construed to uphold service. However, neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without substantial compliance with Rule 4." *Travelers Cas. & Sur. Co. of*

---

[7] Plaintiff filed printouts from FedEx's tracking webpage and some of the printouts state "signature on file" instead of identifying the signer. *See, e.g.*, ECF 94 at 34, 36, 38, 40, 42, 44, and 58. The Court considers those to be unsigned because Plaintiff did not provide proof of the signature.

*Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) (cleaned up). Plaintiff did not substantially comply with Rule 4 or Oregon law, incorporated by reference into Rule 4.

The Court has given Plaintiff nearly eight months to effectuate service of process and repeatedly advised Plaintiff that failure timely to effectuate proper service of process would result in the Court dismissing this case. Plaintiff failed to properly effectuate service of process. Thus, the Court dismisses this case under Rule 4(m). The claims against all defendants who have not yet appeared are dismissed without prejudice. Because the Court dismisses the claims against the non-appearing defendants, the Court will enter a judgment on all claims. Thus, the State Defendants' motion for partial judgment is denied as moot.

## CONCLUSION

The Court DENIES Plaintiff's motion for leave to file an amended complaint (ECF 101) and Emergency Motion to Wait for the Fifth Amended Complaint to Rule on the Motion for Judgment (ECF 102). The Court DENIES Plaintiff's Motion for Entry of Default (ECF 96). The Court DENIES AS MOOT the State Defendant's Motion for Partial Judgment (ECF 98) because the Court will enter a complete judgment in this case, allowing Plaintiff to appeal if he so chooses. Because Plaintiff has failed timely and properly to effectuate service of process on the defendants who have not yet appeared despite being given nearly eight months and repeated warnings that this case would be dismissed if there was not proper service of process, this case is dismissed under Rule 4(m) of the Federal Rules of Civil Procedure against those remaining defendants.

**IT IS SO ORDERED.**

DATED this 24th day of May, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge